# CHARLES W. SPRANDEL AND OTHERS v. JAY R. NIMS AND OTHERS.[1]

December 18, 1925.

No 24,945.

**Adverse possession sustained by evidence.**
> Evidence in a boundary line case *held* to sustain the finding of adverse possession by defendants.

, See Adverse Possession, 2 C. J. p. 276, § 621.

Action in the district court for Morrison county to determine a boundary line. The case was tried before Roeser, J., who settled the line as set out in the findings. Plaintiffs appealed from the judgment. Affirmed.

*D. M. Cameron*, for appellants.

*C. Rosenmeier*, for respondents.

PER CURIAM.

This is a boundary line case wherein, after findings of fact and an order for judgment for defendants, plaintiffs appeal from the judgment.

The decision was put exclusively upon the proof for defendants of adverse possession by themselves and their predecessors in interest up to the line established. It is an east and west line, plaintiffs owning and occupying the land to the north and defendants that to the south. The tract in dispute abuts on the shore of Fish Trap lake and is now used and valuable for summer residence purposes.

' The proof which won the case for defendants consisted of the testimony of several witnesses to the effect that some 30 years ago a fence was placed on the line in question by one Hash, then owner of the land to the south, and that the fence ran from a railroad right-of-way to the west over the entire route in controversy and

[1]Reported in 206 N. W. 434.

terminated at the shore or in the waters of the lake. The proof is such as to sustain the findings of adverse possession. The principal controversy concerns the east or lake end of the line. To put the case as strongly as possible for plaintiffs, but briefly, there is some evidence both ways on that precise issue. That for defendants is sufficient to sustain the finding in their favor and so we must decline to interfere with the result. Our examination of the evidence concerning the original erection' of the fence, its subsequent use and maintenance, its replacement by defendant Mayer and the use made of it all of these years, leaves no other course open to us.

Some point is attempted to be made of an obvious error of description in the findings which does not appear in the judgment. Nothing more need be said concerning it except that the needed correction should be by motion in the trial court. We have examined the affidavits in support of the motion for a new trial and find nothing to change the result or to require much comment here. They show much new and important evidence, sought and found apparently by counsel who has represented plaintiffs on this appeal, but who did not try the case for them. There is no showing that due diligence of preparation would not have made all of the new proof available. for plaintiffs at the trial.

Judgment affirmed.